United States District Court
Western District of Texas
Waco Division

| | |
|---|---|
| Jennifer Vasquez, Individually and as next friend of K.G.<br>Plaintiff<br><br>v.<br><br>Bert McCune, Carmen DeCruz, and the City of Temple,<br>Defendants. | No. 6:17CV-00013-RP |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

    Plaintiff, Jennifer Vasquez, individually and as next friend of K.G. brings this action against the City of Temple, Texas for damages pursuant to 42 U.S.C. §1983 and § 1988, the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff also brings this complaint against Officers Bert McCune and Carmen Cruz, police officers of the City of Temple, in their individual capacities pursuant to 42 U.S.C. §1983 and §1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343, and under 28 U.S.C. §1367(a).

    The individual police officer defendants violated K.G.'s Fourth and Fourteenth Amendment Right to be free from excessive force by running him over with a police car and then burning him with a hot car engine. These violations were committed as a result of the policies and customs the City of Temple. Specifically, the municipal body had inadequate policies regarding use of force and has a history of acquiescence related to the use of force.

In the alternative, Plaintiff also brings a claim against the City of Temple Texas pursuant to The Texas Tort Claims Act, TEX. CIV. PRAC. REM. CODE §§ 101.001, et seq. In the alternative, evidence may show that Defendant Bert McCune negligently drove his vehicle into K.G., while acting within the course and scope of his employment.

Plaintiff herein complies with the pleading requirements of FRCP Rule 8(a)(2) and the requirements of *Ashcroft v. Iqbal*, 556 U.S. 129 S.Ct. 1937, 1949 (2009) that "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

**I. Parties**

1.1 Jennifer Vasquez is the natural mother of K.G. She is an individual residing in Bell County, Texas. K.G. is a minor and resided in Bell County at the time of the incident in question.

1.2 The City of Temple, Texas (The City) is a municipal corporation located within the boundaries of the Waco Division of the Western District of Texas. This Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If this Defendant fails or refuses to accept the service requested, then Plaintiff will request service of process pursuant to FRCP 4(j) upon the City Secretary.

1.3 Defendant Officers Bert McCune and Carmen DeCruz, were at all times relevant to this cause of action duly appointed and acting officers of the police department of the City of Temple, within the course and scope of their employment with the City. These Defendants will be extended the opportunity to accept service

of process pursuant to FRCP 4(d). If these Defendants fail or refuse to accept service as requested, then the Plaintiff will request service of process pursuant to FRCP 4(e) upon them.

## II. JURISDICTION AND VENUE

2.1 42 U.S.C. §1983 and 42 U.S.C. §1988 provide jurisdiction over Plaintiff's constitutional claims for redress, which are conferred on this Court by 28 U.S.C. §1343(a)(3).

2.2 Federal question jurisdiction is conferred on this Court by 28 U.S.C. §1331, because this action arises under the Constitution and laws of the United States.

2.3 This Court also has pendant jurisdiction over all other claims asserted under the laws of the State of Texas, pursuant to 28 U.S.C. §1367(a).

2.4 Venue is proper in the Western District of Texas, Waco Division, as this is the district where the claim arose in accordance with 28 U.S.C. §1391(b).

## III. DUTY AND LAW APPLICABLE

3.1 Plaintiff was subjected to excessive force and a violation of substantive due process in violation of his rights guaranteed to him by the Fourth and Fourteenth Amendments of the United States Constitution.

3.2 Plaintiff commences this action pursuant to 42 U.S.C. §1983, which provides in relevant part for redress for every person within the jurisdiction of the United States for the deprivation, under color of state law, of any rights, privileges, or immunities secured by the Constitution and laws of the United States.

3.3 Officers Bert McCune and Carmen DeCruz were acting under the color of law and are liable under 42 U.S.C. §1983.

## IV. FACTUAL ALLEGATIONS

4.1 On or about January 24, 2015, while leaving a home, K.G. Gonzalez was hit by a police cruiser driven by the police officers employed by the City of Temple.

4.2 Officer DeCruz arrived in the area in regards to a suspected home invasion in which K.G. ~~[redacted]~~ was a suspect. When she arrived on the scene she saw a male in front of the residence. DeCruz ordered the male to stop, but he fled with another male that was in the residence at the time. DeCruz chased both males. Officer McCune arrived on scene and drove his police cruiser to pursue the two young men following the directions of Officer DeCruz. The two men ran into an alley on Avenue E.

4.3 McCune followed in his vehicle into the alley. At that time he ran over K.G. ~~[redacted]~~. K.G. was pinned completely under the vehicle face up. K.G. was under the middle of the vehicle, not the tires. He was unable to flee or do anything. He was being burned alive.

4.4. While K.G. was pinned under the vehicle the officers did not move the vehicle nor turn off the engine. It was not until firemen and EMS arrived on the scene that the vehicle was finally lifted off K.G. . The vehicle was running while on top of K.G. for at least ten minutes. Emergency workers smelled the burning flesh of Mr. Gonzalez, but no one made efforts to move the car or turn off the engine.

4.5. K.G. Gonzalez suffered third degree burns to his torso, thighs and pelvis area including his genitalia, caused by the hot engine.

4.6. Despite the fact that K.G. posed no threat to anyone the officers did not attempt to either move the vehicle off K.G., or to turn off the vehicle. Turning off the vehicle would have cooled the engine and decreased the severity and degree of

K.G.'s burns. Intentionally running over the suspect, as well as the continued burning of K.G. is an unreasonable use of force in violation of his Fourth amendment right to be free from excessive force as well as a violation of his substantive due process right under the Fourteenth Amendment.

4.7 The entire time K.G., was under the vehicle Officers DeCruz and McCune had the duty to enforce the Constitution of the United States and preserve the peace of the State of Texas. Officers DeCruz and McCune had the opportunity to turn off the vehicle or move the vehicle off K.G. ▓▓▓▓ DeCruz's failure to intervene in the ongoing excessive use of force against K.G. ▓▓▓▓ constitutes a violation of K.G.'s right to be free from excessive force.

### V. The City's Policies, Customs and Practices

5.1 On information and belief, The City of Temple's policies, customs, and practices lead to the incident in question.

5.2 The City of Temple failed to provide training regarding the pursuit of suspects on foot while using a car. The City's failure to provide such training caused Officer McCune to run over K.G.

5.3 The City of Temple failed to provide training to Officer McCune and DeCruz the safest way to respond to someone trapped under a vehicle. The City's failure to provide such training ultimately caused K.G., to be trapped under a vehicle being burned alive.

5.4 The City of Temple failed to provide training to Officer DeCruz regarding her duty to intervene in another officer's excessive use of force or deliberate indifferent act. The City's failure to provide such training caused K.G., to be trapped under a vehicle burning alive.

## VI. Causes of Action

6.1 The acts and failures of Defendants on the occasion in question were unreasonable and were the proximate and producing cause of the injuries and damages suffered by K.G. The City of Temple, Texas is liable to Plaintiff under 42 U.S.C. §1983 for acting with deliberate indifference, thus breaching their duty to provide Officers Carmen DeCruz and Bert McCune with adequate supervision and training regarding the reasonable use of force, and because of the conduct of these officers.

6.2 Officer Bert McCune had the opportunity to turn off the vehicle while K.G. was pinned underneath. His failure to do so amounted to excessive use of force. No reasonable officer would have left the vehicle on while it was pinning a suspect. Officer McCune's excessive use of force was a proximate cause of the Plaintiff's injuries, including the lasting effects he continues to suffer from the incident. This act was also a violation of K.G.' Fourteenth Amendment right to substantive due process in that the continued burning of K.G., was deliberate harm against him.

6.3 Officer DeCruz had the opportunity to turn off the vehicle or tell Officer McCune to turn off the vehicle. Instead she also allowed the vehicle to continue running. Her failure to turn off the vehicle caused the incident in question and was an excessive use for force in light of the facts available at the time. This act was also a violation of K.G.' Fourteenth Amendment right to substantive due process in that the continued burning of K.G., was deliberate harm against him.

6.4 Bert McCune drove his vehicle and intentionally collided with K.G., running him over. McCune was attempting to end the chase quickly. The use of a vehicle to end the chase amounted to an excessive use of force. McCune's excessive use of

force was a proximate cause of the Plaintiff's injuries. The intent of Officer McCune is supported by the location of the collision, the fact the victim was face up under the vehicle, and because the victim was in the middle of the driver's line of sight, not in the periphery. This was a violation of K.G., Fourth Amendment right to be free from excessive force. This was also a violation of K.G.' Fourteenth Amendment right to substantive due process as officer McCune acted with a purpose to cause harm unrelated to the legitimate object of arrest.

6.5 In the alternative, Bert McCune negligently ran over K.G. While in pursuit of, McCune lost sight of him. As he turned into the alley McCune failed to keep a proper lookout and struck K.G. This act was within the course and scope of his employment with the City of Temple. McCune had a duty to drive the vehicle safely while pursuing K.G. McCune failed to operate the vehicle as a reasonable prudent person would by failing to keep a proper lookout for pedestrians. K.G. did not pose a threat to the public as they had no indication he was armed at the time of the collision. The failure to keep a proper lookout caused his collision with K.G. and was the proximate cause of Plaintiff's injuries and damages. The negligence of Officer McCune is supported by the fact that it was dark, chaotic, and that the arrest affidavit suggests Officer McCune did not realize he had run over the victim until some time after the boy was pinned under the vehicle. The City of Temple is therefore liable for this negligent act pursuant to the Texas Tort Claims Act.

## VII. DAMAGES

7.1 As a direct and proximate result of the Defendants' conduct, Jennifer Vasquez, as next friend of K.G. suffered the following damages:

a. Medical expenses to be reasonably incurred in the future for his care and treatment;

b. Physical pain and suffering in the past and future;

c. Mental anguish in the past and future;

d. Disfigurement in the past and future ; and

e. Physical Impairment in the past.

7.2 As a direct and proximate result of the Defendants' conduct Jennifer Vasquez, Individually, suffered the following damages:

a. Medical expenses reasonable incurred for the past care and treatment of K.G.; and

b. Medical expenses to be reasonably incurred in the future for his care and treatment.

7.3 K.G., by and through Jennifer Vasquez, seeks all damages to which he is entitled at law for personal, emotional, physical, and economic injuries sustained as a proximate result of the Defendants' acts and omissions, as well those personal, emotional, physical, and economic damages which he will continue to sustain in the future as a result of the occurrence in question. Plaintiff has suffered severe physical and mental pain and suffering. Plaintiff will, in all reasonable medical probability, incur reasonable and necessary medical and counseling expenses in the future as a direct result of the severe burns and deprivation of rights. These damages are in excess of the minimal jurisdictional limits of this Court.

## VIII. Attorney's Fees

8.1 The Plaintiff has been required to retain the services of attorneys to represent him in this complex and difficult proceeding and cause of action. The

Plaintiff has retained the undersigned attorneys to represent him, and pursuant to 42 U.S.C. §1988(b) of the Federal Civil Rights Act, he is entitled to recover for his reasonable and necessary fees incurred for these attorneys, and the reasonable and necessary expenses incurred in the pursuit of this claim at the trial level, the Court of Appeals level if the case is appealed to that Court, and in the Supreme Court of the United States, if necessary.

## IX. Jury Demand

9.1 Plaintiff respectfully demands a trial by jury.

## PRAYER

For these reasons, Plaintiff asks for judgment against all Defendants for the following

a. Trial by jury on all issues triable to a jury;

b. Judgment against Defendants, jointly and severally, on behalf of the Plaintiff for actual damages pursuant to 42 U.S.C. §1983;

c. Judgment against The City of Temple pursuant to the Texas Tort Claims Act;

d. Statutory and reasonable attorney fees pursuant to 42 U.S.C. §1988(b) of the Federal Civil Rights Act, pre-judgment interest, post-judgment interest, and all of their costs herein expended;

e. Any and all additional relief to which the Plaintiff may appear to be entitled.

Filed this 5th day of May, 2017.

                                        Respectfully submitted,

                                        The Carlson Law Firm
                                        1717 N. Interstate 35
                                        #305
                                        Round Rock, Texas 78664


                                        /s/ Robert L. Ranco
                        By:             _____
                                        Robert L. Ranco
                                        SBN: 24029785
                                        Rranco@carlsonattorneys.com
                                        Roberto Flores
                                        SBN: 24074211
                                        Rflores@carlsonattorneys.com

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing was served in accordance with the Federal Rules of Civil Procedure on this 5th day of May, 2017 to all counsel of record.

**VIA EFC:**
Roy L. Barrett
barrett@namanhowell.com
Joe Rivera
jrivera@namanhowell.com
Naman, Howell, Smith & Lee, PLLC
400Asutin Avenue, Suite 800
P.O. Box 1470
Waco, Texas 76703
(254) 755-4129 Telephone
(254) 754-6331 Facsimile
Attorneys for Defendants

                                      /s/Robert L. Ranco
                                      Robert L. Ranco
                                      Attorney for Plaintiff